### RICKHEIM v. BODEN.

1. BOUNDARIES—EVIDENCE—CIVIL ENGINEER.

Testimony of civil engineer as to location of section line as boundary between lands owned by plaintiff and defendants in nonjury action of ejectment was properly received as competent evidence by trial judge and relied upon as basis of finding for plaintiff notwithstanding he was assisted in the physical operation by his employees, where he was in charge of the operation and it was performed under his supervision and control.

2. SAME—ACQUIESCENCE—BURDEN OF PROOF.

The burden of proof on issue of whether boundary between plaintiff's and defendants' property had been settled by acquiescence between defendants and a prior owner of plaintiff's property was on defendants, where they claimed the line had been established by agreement.

3. SAME—ORAL AGREEMENT.

The theory of ownership to an orally agreed boundary proceeds upon the ground there has been a bona fide dispute as to the true boundary line and the parties have by peaceful agreement made a friendly settlement of this dispute which has been acquiesced in, carried out and performed by the respective parties.

4. SAME—BONA FIDE CONTROVERSY—ORAL AGREEMENT—FINDING OF TRIAL JUDGE—RECORD.

Finding of trial judge in nonjury ejectment case that proofs had failed to establish the existence of a bona fide controversy

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  8 Am Jur, Boundaries §§ 85, 89–103.
[2]  8 Am Jur, Boundaries § 90.
[3, 4]  8 Am Jur, Boundaries §§ 72–78.
  Establishment of boundary line by oral agreement or acquiescence. 113 ALR 421.
[5]  17A Am Jur, Easements § 66 et seq.

between the previous owners· of plaintiff's parcel and defendants' land pursuant to which they had made an agreement as
to the boundary *held*, in accord with the record.

5. EASEMENTS—PRESCRIPTIVE RIGHTS.

Defendants' claimed prescriptive rights in a driveway *held*, not
supported by proof that the user had ever been public, or improved or maintained as a public road, or that there had been
continuous and uninterrupted user for any definite period of
time.

Appeal from Montmorency; Glennie (Philip J.), J.
Submitted December 7, 1962. (Calendar No. 114,
Docket No. 49,201.) Decided February 6, 1963.

Ejectment by Alta Rickheim against Robert T.
Boden, Marie Boden, William B. Boden, and Wilbert
Boden. Judgment for plaintiff. Defendants appeal.
Affirmed.

*Fredric S. Abood,* for plaintiff.

*Habermehl & Mandenberg (Donald M. Habermehl,*
of counsel), for defendants.

CARR, C. J. This action in ejectment involves the
boundary line between 2 contiguous parcels of land
in Avery township, Montmorency county. The legal
description of plaintiff's property as set forth by her
in her declaration places it in section 14. Defendants' land under the conveyances by virtue of which
they claim title is situated north of plaintiff's property in section 11. Suit was started by declaration
filed September 23, 1959. It does not appear from
the record before us that any controversy or dispute
between the owners of the respective parcels existed
until plaintiff caused a survey to be made of the
land described in the conveyance to her. It is her
claim in substance that such survey indicated the
true location of the section line and disclosed that

defendants were in possession of a portion of her property. Plaintiff caused a fence to be constructed on the line claimed to have been established by the survey, which fence was torn down and removed by defendants. The instant litigation followed.

The case was tried in circuit court before the judge without a jury. It was in substance the claim of defendants that the land in dispute was located in section 11 rather than in 14 and was, in consequence, included in the conveyances under which they claimed. It was further insisted that the boundary had been previously settled by agreement and acquiescence between defendants and a prior owner of plaintiff's property, and further that they had acquired prescriptive rights in a driveway that they had been using and which they asserted was located on a road that in prior years had been used as a means of access to a gravel pit lying to the rear of their property.

On behalf of plaintiff testimony of a regularly licensed surveyor was introduced for the purpose of establishing the location of the line between the 2 sections. Defendants objected to portions of the testimony of the witness, apparently on the ground that all of the physical work in connection with the making of the survey had not been performed by the surveyor himself but had been entrusted to his employees. It appears from the record that the witness operated an engineering company, that he was in charge of the survey made, that he had previously made another survey which involved the location of the line between sections 11 and 14, and that the work done by him and under his supervision indicated that the true line between the properties of the parties to the suit, as described in their respective conveyances, included a portion of the driveway that defendants had been using.

The trial judge held the testimony of the witness was admissible, and in his decision of the case in plaintiff's favor determined that the line between sections 11 and 14 had been correctly located by the survey. It was further held that the proofs did not support the claim of the establishing of a boundary line by acquiescence and were insufficient to support claims of prescriptive rights in the driveway. Judgment was accordingly entered in favor of the plaintiff. Motion for a new trial was denied, and defendants have appealed.

Obviously the basic question at issue in the case on the trial in circuit court was the location of the line between sections 11 and 14. No question is raised as to the competency of the civil engineer who made the survey of plaintiff's property and who testified as to the results thereof. The fact that he was assisted in the physical operation by his employees did not render his testimony incompetent. It was not essential that the witness should have personally performed all details of the work in order to testify competently. It clearly appears that he was in charge of the operation and that it was performed under his supervision and control. The trial judge was not in error in admitting the tendered proof as to the location of the section line or in basing his finding on that issue in accordance with the testimony of the witness.

Was defendants' claim that the location of the boundary line had been established by agreement between defendants and a prior owner of plaintiff's property, orally made, and acquiesced in by the parties concerned, sustained by competent evidence? The burden of proof on this issue rested on defendants. It does not appear that any dispute or controversy existed with reference to the line preceding the alleged agreement and acquiescence. In *Warner*

v. *Noble,* 286 Mich 654, the general rule on the subject was recognized as follows:

"The theory of ownership to an orally agreed boundary proceeds upon the ground there has been a bona fide dispute as to the true boundary line and the parties have by peaceful agreement made a friendly settlement of this dispute which has been acquiesced in, carried out and performed by the respective parties." (Syllabus 9.)

The conclusion of the trial judge that the proofs failed to establish the existence of a bona fide controversy between the owners of the parcels of land here involved is in accord with the record. Defendant William Boden was a witness in the case and his testimony, as it appears in appellants' appendix, contains the following question and answer:

"*Q.* Was there ever any dispute about that line between you and the previous owners, previous to the Rickheims?

"*A.* No, I wouldn't say there was ever any dispute."

Insofar as defendants' claim of prescriptive rights in the driveway is concerned, there is no proof in the record tending to support a finding that the access way to the gravel pit in the rear of defendants' property was ever used as a public road, or improved or maintained as such. As the trial judge pointed out in his opinion, no proof was offered that the use thereof was continuous and uninterrupted for any definite period of time.

We find no reversible error in the case and the judgment entered by the trial court is affirmed.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.